ROY NOBLE LEE, Presiding Justice,
for the Court:
Joe Williafns, Jr. entered a plea of guilty in the Circuit Court of Sunflower County to armed robbery and was sentenced to serve a term of thirty (30) years in the custody of the Mississippi Department of Corrections. He is not eligible for parole during the first ten (10) years of that sentence.
On April 27, 1984, Williams filed a petition for writ of habeas corpus in the Circuit Court of Sunflower County, contending that his guilty plea was not free and voluntary; that his attorney persuaded him to enter the plea of guilty; that he did not understand the consequences of the guilty plea at the time it was entered; and that his Sixth Amendment Right guaranteed by the United States Constitution was violated. The lower court dismissed the petition without an evidentiary hearing, and Williams has appealed to this Court, assigning the following error in the order of the lower court:
The lower court erred in denying Joe Williams, Jr. an evidentiary hearing on petition for writ of habeas corpus making a collateral attack on his guilty plea.
Among other- allegations, the habeas corpus petition alleged that, subsequent to the guilty plea and after appellant’s incarceration with the Mississippi Department of Corrections, Attorney Azki Shaw of Clarks-dale, Mississippi, filed a petition for habeas corpus on his behalf in the United States District Court for the Northern District of Mississippi and that the petition was dismissed without prejudice on November 18, 1983, for failure to exhaust state remedies; that after the dismissal, Attorney Shaw filed a petition for writ of error coram nobis in the Circuit Court of Sunflower County on behalf of appellant, which petition was dismissed on November 30, 1983; and that the petition for writ of habeas corpus was filed in this cause April 27, 1984, supported by appellant’s affidavit and affidavits of five other individuals.
Except for the allegations of the habeas corpus petition, the present record does not reflect the question raised on the petition for writ of error eoram nobis and the reason for dismissal of that petition. We are unable to say from the record whether that hearing and order constitute res judicata and a bar to the present proceeding. The *975 order of the lower court does not state either of those questions as a reason for dismissing the petition. The lower court had before it the transcript, the questions by the judge and answers of the, appellant when the guilty plea was accepted by the lower court. The opinion of the lower court reflects that the court considered the transcript and found that it clearly reflects appellant’s plea of guilty was made free and voluntarily and that the appellant knew the consequences of his guilty plea. The court did not hold an evidentiary hearing.
The transcript itself is not included in the record of the case sub judice nor are the orders and the proceedings in the application for writ of error coram nobis and federal habeas contained in the record.
In Sanders v. State, 440 So.2d 278 (Miss.1983) and Tiller v. State, 440 So.2d 1001 (Miss.1983), the question of an involuntary guilty plea was before the Court. The transcript on the voir dire in the guilty plea was a part of the record and the petition was supported by affidavits of the appellants and individuals. We remanded the cases to the lower court for an evidentiary hearing on the questions of the guilty pleas. The case sub judice is controlled by Sanders and Tiller.
Therefore, we reverse the judgment of the lower court and remand the cause to that court for the purpose of holding an evidentiary hearing and determining (1) whether or not the error coram nobis hearing involved and decided the question presented in the present habeas proceeding and constitutes res judicata and bar; and (2) whether or not on the evidentiary hearing there is merit to the allegations of the present habeas corpus petition.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.