498 So.2d 331 (1986)
Richard Lloyd ODOM
v.
STATE of Mississippi.
No. 57338.
Supreme Court of Mississippi.
November 12, 1986.
*332 David B. Clark, Florence, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Deirdre D. McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
In mid 1978 Odom was charged with capital murder while engaged in the commission of armed robbery. He was tried in the Circuit Court of Rankin County; at his trial the jury returned a verdict of guilty of the lesser-included offense of murder. Odom was successful in obtaining a new trial from the trial court. Prior to that second trial on December 19, 1978, Odom entered a plea of guilty of murder and was sentenced to life imprisonment.
On December 31, 1984, Odom sought to withdraw his guilty plea and filed a petition for writ of error coram nobis which was summarily dismissed by the Circuit Court of Rankin County on January 4, 1985. On February 6, 1986, this Court reversed that ruling and remanded the cause for a hearing to determine whether there was sufficient evidence to support Odom's claim. See Odom v. State, 483 So.2d 343 (Miss. 1986).
On April 4, 1986, after hearing argument and considering briefs submitted by both parties, the Circuit Court of Rankin County denied the motion to set aside his guilty plea and petitioner has appealed that order to this Court.
This appeal presents a question of law as to whether or not correct advice on the state of the law at the time of the guilty plea in 1978 is effective counsel when the law changes some three years later in the United States Supreme Court and some five years later in the State of Mississippi.
At the heart of Odom's contention is that he pled guilty prior to the second trial on the advice of his attorneys that the second trial could result in the imposition of the death penalty upon him. Rather than stand trial after that advice, Odom pled guilty to murder and was sentenced to life imprisonment.
In 1981, some three years after the guilty plea, the United States Supreme Court in Bullington v. Missouri, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), held that the federal double jeopardy clause precluded the imposition of the death penalty where the trial court had previously sentenced the defendant to life imprisonment for the same crime. Two years later this Court rendered Dycus v. State, 440 So.2d 246 (Miss. 1983), holding that the double jeopardy clause of our State precluded the imposition of the death penalty where the trial court had previously *333 sentenced a defendant to life imprisonment for the same crime.
Based upon these two cases Odom contends that his plea of guilty to murder should be set aside on the ground that such plea was coerced, based upon "grossly incorrect and erroneous" advice of counsel. Odom argues that the conviction for murder by the jury on November 3, 1978, effectively reduced the charge against him from capital murder to murder and consequently, he could have received no sentence greater than life imprisonment on retrial.
Clearly under the state of the law in this country and this State today, that argument is correct. The issue is, however, was the advice given to Odom in 1978 correct at the time it was given?
In 1978, Jones v. State, 144 Miss. 52, 109 So. 265 (1926), and Butler v. State, 177 Miss. 91, 170 So. 148 (1936), represented the state of the law in Mississippi. In those cases this Court explained that only an actual acquittal or actual conviction raised double jeopardy implication, and that under the precise and exact language of the constitution an implied or constructive acquittal or conviction was not sufficient for double jeopardy purposes.
We find no decisions in our caselaw prior to 1978 which contain holdings contradicting the correctness of the advice given to Odom by his counsel at that time.
Both Odom and the prosecution contend that Tiller v. State, 440 So.2d 1001 (Miss. 1983), is controlling. In this contention both parties are in error. Tiller is readily distinguishable on its facts for in that case we held that if an appellant could prove that he entered a plea in reliance upon erroneous advice from his attorney, then that plea could be withdrawn. The advice given by the attorney to Tiller was in fact contrary to the law at the time the advice was given. See Tiller at 1004; see also, Mississippi Code Annotated, §§ 47-7-3 and 47-5-139 (Supp. 1982).
That was not the case here. The advice of Odom's counsel at the time of his guilty plea was not erroneous so as to render that plea by Odom unintelligent and therefore involuntary. To the contrary, Jones, supra, held that Jones, who was indicted for murder and convicted of manslaughter and subsequently successful in his motion for a new trial, could again be tried for murder on the same indictment. Later, in Butler, supra, this Court again upheld its ruling in Jones, supra, contrary to Butler's argument that his earlier conviction of a lesser crime "necessarily" acquitted him of a higher crime.
In 1978 those cases had not been overruled, therefore, the advice of counsel to Odom was adequate and correct at the time that it was given.
The constitutional soundness of a guilty plea is determined by whether it was entered voluntarily. "Where a plea of guilty has been intelligently and voluntarily entered, it is sufficient to undergird an unassailable final judgment of conviction." Tiller, at 1005. The question often turns upon the advice of counsel incident to the plea. Often, mistaken advice, is an indicator that "defendants were not fully aware of the consequences of the plea," such mistaken advice of counsel may in some cases vitiate a guilty plea. Baker v. State, 358 So.2d 401, 403 (Miss. 1978), cited in Coleman v. State, 483 So.2d 680, 682 (Miss. 1986), and in Tiller, at 1006. It is obvious that counsel's advice is significant in determining whether the defendant's plea was in fact voluntary at the time it was entered. The fact that future decisions may render the advice erroneous in retrospect has no effect on the decision making process prior to the plea and therefore, should be no basis for vitiation of the plea.
To hold otherwise would place defense counsel in the impossible position of "fortune teller." In Coleman v. State, 483 So.2d 680 (Miss. 1986), we adopted the two part Strickland-Washington test, holding that the test applies to challenges to guilty pleas based upon ineffective assistance of *334 counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Hence when a convicted defendant seeks to have his conviction overturned on the ground of ineffective assistance of counsel, he must show that counsel committed unprofessional errors so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and also he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Under part one in the standard there is a strong presumption of adequate assistance; judicial inquiry is to be highly deferential and free as possible from the "distorting effects of hindsight." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. As stated in Coleman, supra, "The second, or `prejudice' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Coleman at 683. As Odom failed to meet the burden required of him under prong one of the Strickland test, it is unnecessary to reach the issue raised by the second prong of the test. In Dufour v. State, 483 So.2d 307 (Miss. 1985), we said, "In assessing whether counsel's performance was deficient, the standard of performance is that of reasonably effective assistance... . This continues to be reasonableness under prevailing professional norms and reasonableness considering all the circumstances." Dufour at 310. When we apply the Strickland standard to Odom's counsel's performance in 1978, the advice given Odom, being correct at the time, was most certainly reasonable. At that time any competent, prudent lawyer would have rendered the same advice, therefore, the advice given by Odom's attorney was within the range of "reasonably effective assistance." Therefore, the Order of the Circuit Court of Rankin County, Mississippi, which denied Odom's motion to set aside his guilty plea was correct and is affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, ANDERSON and GRIFFIN, JJ., concur.