ROY NOBLE LEE, Presiding Justice,
for the Court:
James E. Pierce has appealed to this Court from an order of the Circuit Court, Kemper County, Mississippi, denying his motion to vacate and/or modify a judgment of the court sentencing him to ten (10) years in the custody of the Mississippi Department of Corrections, after entering a guilty plea to an indictment for manslaughter/culpable negligence. Appellant assigns three errors in the hearing on said motion, but we address only the question of whether or not the lower court erred in declining to set aside the guilty plea.
On January 22, 1983, appellant was driving an automobile while under the influence of intoxicating liquor and collided with another automobile occupied by an 18-year-old young man named Marcus D. Purvis, resulting in the death of Purvis. The blood alcohol content of appellant measured .34.
Appellant was indicted for manslaughter/culpable negligence on March 22, 1983, and, after two continuances, trial date was set for March 21, 1984. Appellant was represented by Attorney Helen McDade, and on March 20, 1984, he filed a petition to enter a plea of guilty. The lower court conducted a hearing on the petition, and, after satisfying itself as to the voluntariness of the plea and the understanding of same by appellant, accepted the plea on March 21, 1984, and set sentencing November 5, 1984. The record reflects that the district attorney made known unto the court that at the sentencing he would recommend a sentence of five (5) years suspended, and payment to the family of the deceased the sum of five thousand dollars ($5,000) reimbursement for burial expenses and damage to the Purvis automobile.
Prior to the sentencing date, appellant paid into court the sum of one hundred thirty dollars ($130.00) on the agreed amount of $5,000. On November 5, 1984, the sentencing date was continued until November 9, 1984, at which time the district attorney announced to the court that there was no plea bargain because appellant had not fulfilled his part of the agreement by paying into court the sum of $5,000 as agreed upon. Thereupon, the court sentenced appellant to a term of ten (10) years in the custody of the Mississippi Department of Corrections.
Appellant contends that it was his understanding he was to receive a five-year suspended sentence and that he pay a sum of $5,000 for the benefit of the Purvis family. However, he argues that he was unable, and is unable, to raise and pay the sum of $5,000; that he is indigent; and that the sentence should be vacated and modified to a sentence of five (5) years suspended and payment of $5,000, when, and if, he can do so. Attorney Helen McDade testified at the hearing as follows:
I submitted to him in detail what the district attorney said that he would recommend to the court, that he pay the sum of $5,000 for burial expenses of the man he killed and damages to the automobile, and that amount was the amount that was set to cover it. He was to receive a 5-year sentence — suspended sentence if he abided by this agreement. He fully understood this.... I told him at the time that he couldn’t play with the court, that he would have to abide by the agreement or he wouldn’t have any agreement with the court.
* * * * * *
Q. During your negotiations with the State did you understand and did you convey to the defendant’s understanding *374 that he would have to meet his end of the bargain before we would make a five year recommendation?
A. I did.
Q. On the day of the sentence.
A. I absolutely did and in addition to that when he came before this Court and I stood by him in this court room before this Court the Court, also, told him the same thing. Indeed I did and indeed the Court did.
Appellant testified at the hearing that he asked Attorney McDade “What would happen if I did not have all the money?” and that she told him, “Well, the only thing I know they would do would be give you time to pay the money. The best thing to do is just plead guilty to five years.” Shirley Mobley testified for appellant and corroborated his testimony that Attorney McDade told him the court would probably give him more time. She further testified that “It was four to five days — that was Monday, and she gave you to that Friday to pay it.”
In denying the motion to vacate sentence, the trial judge stated:
You pled guilty as is reflected here in this file to manslaughter. And, it’s reflected in that petition to plead guilty that you through your lawyer had negotiated with the state, with the district attorney, and that you had bargained for a sentence that would be a recommendation to the court if both sides lived up to their end of the bargain, there would be a recommendation to the court the next term of court which here in Kemper County is from March until November. That delay was a part of the bargain, also. You were to appear here in November and there would be presented to the court an offer or payment of $5,000.00 to compensate the family of the deceased for an automobile that was demolished, for the burial expenses of their 18-year-old son, and there would be payment at that time of court costs and the state would then recommend to the court a 5-year suspended sentence and probation under the usual terms. That’s what I was advised in March would be the recommendation in November. We came here in November for sentencing and the state advised me that there was no bargain, that there was no plea bargain because you had not lived up to your end of the bargain. And the court then sentenced you to the penitentiary for 10 years. I did not sentence you to the penitentiary because you were a poor man and unable to work. I did not sentence you to the penitentiary for — in lieu of a fine. I sentenced you to the penitentiary for — it was reported that the state’s case — that the facts would reveal that you were extremely drunk driving down U.S. Highway 45 and ran into, across the center line, the automobile of an 18-year-old young boy who was not drinking and you killed him. And, I sentenced you to the penitentiary for killing that boy, being drunk and pleading guilty to that offense. I didn’t sentence you to the penitentiary because you didn't have the money. There was no bargain, no recommendation before the court when I sentenced you because the state was not in a position to make a recommendation because they had no bargain with you.
It is obvious from the record that appellant knew and understood his proposed plea bargain as did the district attorney and the lower court. Further, it is clear that sentencing was postponed until the next term of court, specifically November 5, 1984, in order for appellant to make arrangements to raise and pay into court the sum of $5,000 agreed upon by the district attorney and him. The lower court made a finding of fact that the guilty plea was voluntary and that appellant understood the lower court was not bound by any recommendation of the district attorney. However, it is abundantly clear that, had the appellant raised and paid into court the sum of $5,000.00, the proposed plea bargain would have been honored and appellant would have been sentenced to five years suspended, and payment of $5,000.
In Odom v. State, 498 So.2d 331, 333 (Miss.1986), citing and quoting Tiller v. State, 440 So.2d 1001, 1005 (Miss.1983), the Court said: “Where a plea of guilty has *375 been intelligently and voluntarily entered, it is sufficient to undergird an unassailable final judgment of conviction.” In Salter v. State, 387 So.2d 81, 84 (Miss.1980), quoting Santobello v. New York, 404 U.S. 257, 260, 92 S.Ct. 495, 498, 30 L.Ed.2d 427, 432-33 (1971), the Court said:
The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called “plea bargaining,” is an essential component of the administration of justice. Properly administered, it is to be encouraged. If every criminal charge were subjected to a full-scale trial, the States and the Federal Government would need to multiply by many times the number of judges and court facilities.
Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative, prospects of the guilty when they are ultimately imprisoned. See Brady v. United States, 397 U.S. 742, 751-752, 90 S.Ct. 1463 [1470-1471, 25 L.Ed.2d 747, 758] (1970).
The record in the case sub judice does not indicate the financial worth or standing of the appellant. However, we gather from the record, and it is inescapable, that appellant was indigent and unable to pay in excess of $130.00 on the $5,000 agreement. This Court cannot condone the settlement and payment of civil claims in exchange for suspended sentences, and, when the defendant is unable to raise the settlement amount, permit the State of Mississippi to claim “no bargain.” It cannot be doubted that, if appellant had $5,000 during the time involved, or could have begged, borrowed or raised it, he would have paid the money into court to keep from going to the penitentiary. If a bank loans a starving, penniless pauper money on his unsecured note, knowing the situation of the borrower, who can complain about non-payment— the pauper or the bank?
We admonish lower courts to view with caution and suspicion such proposals in order to avoid a situation such as has developed here. In Boyington v. State, 389 So.2d 485 (Miss.1980), the district attorney promised and recommended a plea bargain to Boyington, who complied with his part of the bargain and the lower court declined to accept same. This situation was the reverse of the present case, and this Court held that the lower court was bound by the plea bargain.
The appellant argues that the judgment of the lower court should be vacated and modified to impose a five-year suspended sentence upon him. With this we do not agree. The judgment and sentence of the lower court are vacated and the case is remanded to the Circuit Court of Kemper County, Mississippi, for entry of a plea of not guilty and trial on the merits.
JUDGMENT AND SENTENCE VACATED AND REMANDED TO THE LOWER COURT.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.