# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-CA-00404-SCT

*OTTWAY BARBEE*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/01/94 |
| TRIAL JUDGE: | HON. HOWARD Q. DAVIS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY | |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 5/22/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/12/97 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

Barbee appeals the denial of his motion for post-conviction collateral relief in the Circuit Court of Sunflower County. The lower court accepted the findings and recommendations of the magistrate judge and dismissed the motion without an evidentiary hearing.

## STATEMENT OF THE ISSUE

**DOES A CHANGE IN THE SET-OFF POLICY OF THE PAROLE BOARD VIOLATE THE EX POST FACTO CLAUSE OF THE U.S. CONSTITUTION BY EXTENDING THE LENGTH OF TIME BETWEEN PAROLE HEARINGS AND APPLYING IT TO PRISONERS WHO WERE CONVICTED BEFORE THE CHANGE AND SUBJECT**

**TO A SHORTER TIME BETWEEN PAROLE HEARINGS?**

**STATEMENT OF THE FACTS**

Prior to 1986, it was the policy of the Parole Board to apply a set-off period of no more than one year between parole hearings. The Parole Board enacted a new policy that changed the set-off period to no more than three years for a prisoner's next parole hearing. Barbee was convicted of murder in 1966 and sentenced to life imprisonment. Subsequently, he entered a guilty plea to a charge of armed robbery committed in an incident separate from the murder and was sentenced to a consecutive life term. On the date of his conviction, the Parole Board's policy was to set-off a prisoner's next parole hearing from one month to one year from the last hearing.

After his initial appearance before the Parole Board on January 5, 1983, Barbee was given a set-off of one year. This continued until 1989 when Barbee appeared before the Parole Board and was given a set-off of three years under a new policy established by the Board.

**A N A L Y S I S**

Barbee contends that the Legislature has granted quasi-legislative power to the Parole Board. He argues that the change in the Board's policies is actually a change in law. Thus, he should be entitled to the protections of the Constitution, including the Ex Post Facto Clause.

The State asserts that the change in policy did not violate the ex post facto clause. The State argues that the policies and procedures adopted by the Parole Board are not "laws" for ex post facto purposes. *Tiller v. State*, 440 So. 2d 1001, 1005 (Miss. 1983); *see also Bailey v. Gardebring*, 940 F.2d 1150, 1156 (8th Cir. 1991) (holding that parole guidelines were not laws for ex post facto purposes because the paroling authority maintains discretion to modify). This Court has always recognized the decisions of state agencies as valid when within the scope of statutory authority. *See, e.g., Gill v. Dept. Of Wildlife Conservation*, 574 So. 2d 586, 592 (Miss. 1990); *Grant Center Hospital of Mississippi, Inc. v. Health Group of Jackson, Mississippi, Inc. d/b/a Riverside Hospital*, 528 So. 2d 804, 808 (Miss. 1988); *General Motors Corp. v. Mississippi State Tax Commission*, 510 So. 2d 498, 502 (Miss. 1987).

The Legislature has clearly given the Parole Board statutory authority to conduct parole hearings. *See* Miss. Code Ann. § 47-7-5 (1972). The Parole Board is required to conduct parole hearings for each offender within one year of admission and at such intervals thereafter as it may determine. Miss. Code Ann. § 47-7-17 (1972). Based on Miss. Code Ann. § 47-7-17, the Parole Board has within its discretion the authority to set the timing for a parole hearing. The fact that the Board changed its set-off period from one year to three years does not overstep the bounds of the authority given by the Legislature. The Board still has the option to recommend a set-off period of less than three years within its discretion.

Therefore, we find Barbee's argument to be without merit. The actions of the Parole Board were clearly within the limits of the authority granted by the Legislature. The change in set-off policy has no effect on the discretion of the Board to grant parole or to assign a set-off period of less than three years. The change is merely an administrative decision in response to the increase in prison population.

Therefore, we affirm.

**THE LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**