# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00288-SCT

*RONNIE EARL MOORE*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/21/95 |
| TRIAL JUDGE: | HON. WILLIAM F. COLEMAN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE MCCRORY |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 9/18/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/9/97 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

This case began on June 5, 1979, when Ronnie Earl Moore ("Moore") plead guilty to armed robbery in Cause Number Q-155. Upon his plea of guilty, Moore was sentenced to twenty-five years in prison with twenty-two years suspended, three years to serve and five years on probation. Moore served three years and was placed on probation for the remaining twenty-two years. While out on probation, Moore committed another armed robbery. His probation was revoked and he was ordered to serve ten mandatory years on the 1979 sentence. Moore plead guilty to an entirely different charge in Cause Number S-750 on July 24, 1981, in the circuit court of the First Judicial District of Hinds County before Judge William Coleman. Moore was sentenced to thirty years in the Mississippi Department of Corrections with twenty-five years suspended, five years to serve and to run consecutively to the revocation of the twenty-two year suspended sentence in Q-155.

On or about August 10, 1994, Moore filed in the circuit court a Motion for Judicial Review of Sentences and/or Motion to Vacate Conviction and Sentence under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 (1972) *et seq.* The thrust of Moore's argument in his motion called into question the 1992 amendment to Miss. Code Ann. § 47-5-139 (Supp. 1996), and *Williams v. Puckett,* 624 So. 2d 496 (Miss. 1993), which held that an inmate "does not 'earn' time during the service of mandatory time . . ." *Id.* at 500. Moore argued in his motion that this amendment should not be applied to his case retroactively. The circuit court denied relief on Moore's motion, holding that:

> A recalculation of release time occurred after the 1992 amendment of Section 47-5-139. Under Section 47-5-139(1)(e) "an inmate shall not be eligible for the earned time allowance if the inmate has not served the mandatory time required for parole eligibility for a conviction of armed robbery or attempted armed robbery with a deadly weapon." This amendment, along with the decision of the Mississippi Supreme Court in *Williams v. Puckett*, 624 So. 2d 496, 500 (Miss. 1993), holding that one "does not 'earn' time during the service of mandatory time," has prompted the Mississippi Department of Corrections to take away time credits earned during the mandatory portion of an inmate's sentence and thereby extending the inmate's release date. As a result of this action, many filings have been made contending an ex post facto change of law.

> This contention is apparently answered by the Court in *Williams* and in *Tiller v. State of Mississippi,* 440 So.2d 1001 (Miss. 1983). In *Williams* the Court found that Section 47-5-139(1)(e) was "a mere codification of the prevailing administrative construction and practice." *Id.* at 500. The Court in *Tiller* ruled that a change in the administrative interpretation of a law does not equate to a change in the law as contemplated by ex post facto. It is my personal opinion that the taking away of previously earned time credits, in the mandatory portion of a sentence, is a violation of due process but apparently *Williams* answers to the contrary.

Aggrieved by the lower court's denial of Post Conviction Collateral Relief, Moore appeals to this Court, requesting an evidentiary hearing and/or any other relief the Court deems appropriate. He seeks review of the following assignments of error as adopted from his brief.

**I. WHETHER THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO HAVE TO SERVE (10) MANDATORY YEARS ON AN ARMED ROBBERY CONVICTION IN WHICH APPELLANT HAD ALREADY SERVED (3) YEARS?**

**II. WHETHER THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A SUSPENDED SENTENCE AND PROBATION, IN CAUSE NO. 33,985 AFTER KNOWING FULL WELL THAT APPELLANT HAD A PREVIOUS FELONY CONVICTION?**

**III. WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WITHIN THE MEANING OF THE 6TH AMENDMENT OF THE UNITED STATES CONSTITUTION?**

**DISCUSSION OF LAW**

**TIME BAR**

The State asserts that Moore's attack on his guilty plea is time barred. Moore entered his guilty plea on July 24, 1981. He filed his Motion for Judicial Review of Sentences and/or Motion to Vacate Conviction and Sentences on or about August 10, 1994. Miss. Code Ann. § 99-39-5(2) (Supp. 1996) requires that a motion for post-conviction relief be filed "in the case of a guilty plea, within three (3) years after entry of the judgment of conviction." Because Moore's plea was entered before the effective date of the Mississippi Uniform Post-Conviction Collateral Relief Act, Moore needed to file his petition within three years of April 17, 1984, which would have been April 17, 1987. *Odom v. State,* 483 So. 2d 343, 344 (Miss. 1986).

However, there are exceptions to this three-year statute of limitation. The statute provides in pertinent part:

> Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise, excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

Miss. Code Ann. § 99-39-5(2) (Supp. 1996).

Because Moore did not file his Petition for Post-Conviction Collateral Relief within three years of April 17, 1984, it appears that his petition was time barred unless any of his claims fall into one of the exceptions enumerated in the statute. We find that none of Moore's claims are excepted, and as such, the dismissal of his petition by the trial court is affirmed. *Lockett v. State,* 656 So. 2d 68, 70 (Miss. 1995). Each assignment of error, however, will be discussed.

### I. WHETHER THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO HAVE TO SERVE (10) MANDATORY YEARS ON AN ARMED ROBBERY CONVICTION IN WHICH APPELLANT HAD ALREADY SERVED (3) YEARS?

Moore asserts that the trial court erred when it revoked his probation on his first armed robbery and ordered him to serve ten mandatory years. He argues that, under Miss. Code Ann. § 47-7-3(d) (1972), the judge could only sentence him to seven mandatory years because he had already served three years before his probation was revoked. Section 47-7-3(d) states in pertinent part that:

> (d) No person shall be eligible for parole who shall, on or after January 1, 1977, be convicted of robbery or attempted robbery through the display of a firearm until he shall have served ten (10) years if sentenced to a term or terms of more than ten (10) years or if sentenced for the term of the natural life of the person. If such person is sentenced to a term or terms of ten (10) years or less, then such person shall not be eligible for parole . . .

Miss. Code Ann. § 47-7-3 (1972).

Moore argues, as he did in the lower court, that he should have received earned time credit for the three years that he actually served, thus reducing the mandatory ten-year sentence imposed down to seven. He argued in the lower court that Miss. Code Ann. § 47-5-139(1)(e) (1972) should not apply to him retroactively. That Section states

> (1) An inmate shall not be eligible for the earned time allowance if:

> (e) The inmate has not served the mandatory time required for parole eligibility for a conviction of robbery or attempted robbery with a deadly weapon.

The lower court found that the issue of this statute's retroactivity was controlled by ***Williams v. Puckett,*** 624 So. 2d 496 (Miss. 1993), and ***Tiller, v., State,*** 440 So. 2d 1001 (Miss. 1983). The Court in ***Williams*** found that Section 47-5-139(e) was a "mere codification of the prevailing administrative construction and practice approved by this Court" and that one "does not 'earn' time during the service of mandatory time." *Id.* at 500. In ***Tiller,*** the Court held that a change in the administrative interpretation of a law does not equate to a change in the law as contemplated by the ex post facto clauses. *Id.* at 1005.

The trial court's interpretation of the law concerning earned time credit was correct. Because Moore was not eligible for parole, he was not eligible for earned time credit. As such, the trial court did not err in sentencing him to ten mandatory years or in dismissing this claim as meritless in his Petition for Post-Conviction Relief. Furthermore, he is time barred from asserting this claim.

### II. WHETHER THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A SUSPENDED SENTENCE AND PROBATION, IN CAUSE NO. 33,985 AFTER KNOWING FULL WELL THAT APPELLANT HAD A PREVIOUS FELONY CONVICTION?

Moore argues that the trial court lacked the authority to suspend his sentence, rendering his entire sentence a nullity. He asserts that the trial court was aware that he had previously been convicted of armed robbery, and that as such the court could not sentence him to a suspended sentence under Miss. Code Ann. § 47-7-33 (1972), which states in pertinent part that:

> When it appears to the satisfaction of any circuit court or county court in the state of Mississippi, having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in term time or in vacation, shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided, except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence. In placing any defendant on probation, the court, or judge, shall direct that such defendant be under the supervision of the department of corrections.

Moore cites this Court's decision in ***Robinson v. State,*** 585 So. 2d 757 (Miss. 1991), to support his

position. In that case, the defendant plead guilty to possession of marijuana and was sentenced to three years in the Mississippi Department of Corrections (MDOC). The sentence was suspended and Robinson was placed on probation. During the same term of court, in fact three days later, Robinson was arrested on similar charges. The trial court set aside the first sentence and ordered Robinson to serve three years in MDOC. The record in the case confirmed that Robinson had had a felony conviction prior to the judge suspending sentence in the first case. This Court found that the judge had erred and said:

> Clearly, § 47-7-33 does not permit suspension of sentence and probation to a defendant with a prior felony conviction. Robinson's suspended sentence and probation was without authority and, therefore, invalid. Because Robinson plead guilty on the improper inducement that he was eligible for a suspended sentence or probation, he is therefore permitted to withdraw his guilty plea and he must be allowed to enter a new plea and offered the opportunity of a new trial.

*Id.* at 759. Moore contends that his case is identical to that in Robinson, and that the trial judge had no authority to impose a suspended sentence in Cause No. S-750 (Cause No. 33,895).

The State asserts that Moore should not reap any benefit from ***Robinson.*** It argues that Moore was content to accept his unlawful sentence until he was unable to conform his behavior to legal parameters. The State argues that "[f]or a defendant to be allowed to reap the benefits of an unauthorized sentence suspension and only cry foul upon his own subsequent violation of the terms of that suspended sentence, and thereby cause the vacation of his plea, is unconscionable."

We agree, and adopt the logic of the Supreme Court of Indiana in ***Collins v. State,*** 509 N.E.2d 827, 833 (Ind. 1987), where that Court said that, "a defendant may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence." *Id.* Furthermore, Moore is time barred from asserting this claim.

### III. WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WITHIN THE MEANING OF THE 6TH AMENDMENT OF THE UNITED STATES CONSTITUTION?

Moore's final assignment of error is that he was denied effective assistance of counsel. He argues that his attorney allowed the trial court to revoke his twenty-two year suspended sentence in Cause No. Q-155, and order him to serve ten mandatory years. This Court has found that the trial court did not err in ordering the mandatory ten years, and, therefore, Moore's counsel could not have been ineffective in allowing it without objection.

Moore also claims that his counsel was ineffective in allowing him to receive a suspended sentence when his counsel knew that he had been convicted of a prior felony. Moore does not allege that if his counsel had advised him that he was not eligible for a suspended sentence, that he would not have plead guilty. Under ***Strickland v. Washington,*** 466 U.S. 668 (1984), Moore must show that his counsel's performance was deficient and that he was prejudiced by the deficiency. We cannot say that this attorney's conduct rises to the level of ineffective assistance of counsel. Furthermore, Moore is time barred from asserting this claim.

**<u>CONCLUSION</u>**

This Court finds that all of Moore's claims are time barred and meritless, and as such the dismissal of his Motion for Judicial Review of Sentences and/or Motion to Vacate Conviction and Sentence is affirmed.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY.**