ZUCCARO, Justice,
for the Court:
In February 1981, Alfred Charles Doctor, Jr. entered a guilty plea in the Circuit Court of Desoto County to two (2) counts of armed robbery and received two (2) concurrent ten (10) year sentences. In January 1985 he filed a petition for writ of habeas corpus, or, in the alternative, motion to vacate plea and sentence, contending that this guilty plea was involuntary. The trial court found the evidence conflicting and denied the petition. We affirm.
At a hearing on the merits, Doctor argued that his plea was induced by the promise of his attorney that he would be eligible for earned time credits while confined at Parchman, in contravention of § 47-7-3(d) and § 47-5-139(7), Mississippi Code of 1972 (Supp.1987). This was confirmed by the testimony of his mother. The attorney could not recall the specific details of the conversation with Doctor, but testified that he was aware of the statutes cited above and added, “I don’t make it a practice to promise someone, you know, that they’ll get good time behavior or a *230 reduction in the sentence once they did get to the State Department of Corrections.”
Prior to January 5, 1981, the Department of Corrections as a matter of institutional policy, allowed convicted armed robbers “earned time” the same as other prisoners. On January 5, 1981, pursuant to an Attorney General’s opinion, the Department of Corrections revised its policy and declared that persons not eligible for parole were not eligible for earned time. See, Tiller v. State, 440 So.2d 1001, 1004-1005 (Miss.1983). Doctor, however, pled guilty one month after the Attorney General’s opinion was issued therefore, the rather unique circumstance that generated Tiller is not present.
After four (4) years of confinement Doctor received from the penitentiary records office a sentence computation data sheet which showed no accumulation of earned time but which inaccurately indicated he was eligible for earned time. A revised sentence computation data sheet, issued two (2) months later, correctly noted that he was ineligible for earned time. Doctor contends that the actions of corrections officials in designating him eligible for earned time and then withdrawing that designation amounted to a forfeiture of earned time without due process. He asks that this Court restore his earned time, or, in the alternative, vacate his guilty plea and let him stand trial.
This case is governed by the general principles regarding involuntary pleas found in cases such as Tiller v. State, supra, and Coleman v. State, 483 So.2d 680 (Miss.1986). If this Court finds the plea involuntary, as induced by the promise of earned time, we have no choice but to set aside the guilty plea and allow Doctor to stand trial.
The trial judge found the evidence on inducement by promises of the attorney to be conflicting and resolved the conflict against the petitioner. No forfeiture of earned time was worked here, as no earned time was accumulated by petitioner. The trial judge noted that at most Doctor was mistakenly advised of eligibility for good time by officials of the Department of Corrections, an administrative or clerical error. We cannot say on this record that the trial judge was clearly erroneous. Ray v. State, 503 So.2d 222 (Miss.1987); West v. State, 463 So.2d 1048 (Miss.1985); Emanuel v. State, 412 So.2d 1187 (Miss.1982).
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ. and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.