900 So.2d 1210 (2005)
John ADAMS, Appellant,
v.
Christopher EPPS, Appellee.
No. 2003-CP-02468-COA.
Court of Appeals of Mississippi.
February 22, 2005.
Certiorari Dismissed May 5, 2005.
*1211 John Adams, Appellant, pro se.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
Before LEE, P.J., MYERS and CHANDLER, JJ.
MYERS, J., for the Court.
¶ 1. On September 25, 2003, John Adams filed a petition to show cause in the Circuit Court of Sunflower County, arguing that the Mississippi Department of Corrections ("MDOC") illegally took his earned time allowance away from him and, thereby, prolonged his release date. Adams later moved to amend his petition in order to include a claim that the points classification system of MDOC is racially discriminatory and violates the Equal Protection Clause of the U.S. Constitution. On October 31, 2003, the circuit court dismissed the petition for failure to state a claim for which relief may be granted.
¶ 2. Aggrieved by the circuit court's judgment, Adams perfected this appeal. While he states four issues in his brief, in essence, Adams raises only the following single issue:

DID THE TRIAL COURT ERR IN DISMISSING ADAMS'S PETITION FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED?
¶ 3. Finding no reversible error, we affirm the judgment of the circuit court.

FACTS
¶ 4. Adams is currently serving time for two armed robbery convictions with consecutive sentences of forty and twenty-five years. He is also serving time for seven other convictions with various sentences, some concurrent and some consecutive. In response to a request from Adams, MDOC placed him in "trusty" status and gave him a time sheet reflecting an earned time allowance of around seven years. After learning of a change in the points classification system, Adams filed a complaint through MDOC'S Administrative Remedy Program. Some time after receiving a response through the Administrative Remedy Program, Adams dropped this complaint and then filed another complaint, requesting that certain documents be removed from his prisoner file. This request was denied by the Administrative Remedy Program.
¶ 5. Along with the denial of this request, Adams was notified that he had been misinformed when he was told that he could receive earned time allowances. MDOC informed Adams that, because he was serving the mandatory portion of his sentence, the time sheet he received that reflected an earned time allowance was incorrect, as he was ineligible for earned time allowances while serving the mandatory portion of his sentence. A new time sheet was given to Adams, reflecting this correction in his status. In short, an employee of MDOC made a mistake in telling Adams that he could accumulate earned time allowances. When MDOC later notified *1212 Adams of this mistake, Adams proceeded to file this civil suit in the Circuit Court of Sunflower County.

LEGAL ANALYSIS

DID THE TRIAL COURT ERR IN DISMISSING APPELLANT'S PETITION FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED?
¶ 6. Adams makes several arguments to support his claim on appeal; however, we find only two of those arguments to warrant serious consideration. (1) He argues that the removal of his earned time allowance violated his due process rights and constituted an ex post facto law, both in violation of the U.S. Constitution. (2) He argues the MDOC's points classification system is racially discriminatory and violates the Equal Protection Clause of the U.S. Constitution. But, as we stated above, the substance of his claim on appeal is that the trial court erred in dismissing his petition, and these arguments go to the merits of that claim. In our discussion below, we will consider both of these arguments in turn.

STANDARD OF REVIEW
¶ 7. The circuit court dismissed Adams's petition under rule 12(b)(6) of the Mississippi Rules of Civil Procedure; therefore, our standard of review is de novo. Vinson v. Prather, 879 So.2d 1053, 1055(¶ 6) (Miss.Ct.App.2004). As a part of conducting this de novo review "[t]he allegations in the complaint must be taken as true and the motion should not be granted unless it appears to a certainty that the plaintiffs will be unable to prove any set of facts in support of the claim." Id.

DISCUSSION
¶ 8. For Adams's first argument, there is a case directly on point: Doctor v. State, 522 So.2d 229, 230 (Miss.1988). Many of the relevant facts from the Doctor case are nearly identical to the facts in the case sub judice. For example, the Doctor court noted:
After four (4) years of confinement Doctor received from the penitentiary records office a sentence computation data sheet which showed no accumulation of earned time but which inaccurately indicated he was eligible for earned time. A revised sentence computation data sheet, issued two (2) months later, correctly noted that he was ineligible for earned time. Doctor contends that the actions of corrections officials in designating him eligible for earned time and then withdrawing that designation amounted to a forfeiture of earned time without due process.
Id.
¶ 9. The Doctor court went on to hold, "No forfeiture of earned time was worked here, as no earned time was accumulated by petitioner. The trial judge noted that at most Doctor was mistakenly advised of eligibility for good time by officials of the Department of Corrections, an administrative or clerical error." Id.
¶ 10. We find the Doctor case to be directly applicable to the case sub judice. Adams's claims of due process/ex post facto violations assume that he had actually accumulated earned time allowances. But that assumption is fatally flawed. Adams had not legally acquired any earned time allowances, because he was not eligible for earn time allowances on the mandatory portion of his sentences for armed robbery, pursuant to Miss.Code Ann. § 47-5-139(1)(e) (Rev.2004). The fact that a prison representative, through a mistake or oversight, told Adams that he had around seven years of earned time does not actually confer that amount of *1213 earned time. Doctor, 522 So.2d at 230. This is essentially the holding of the Doctor case. An MDOC employee's clerical mistake or oversight does not actually confer eligibility for earned time allowances. Therefore, nothing has been taken from Adams, because he had not actually, legally accumulated any earned time allowances that might have been taken away.
¶ 11. Thus, the trial court did not err in dismissing Adams's petition for failure to state a claim for which relief may be granted. Even if we accept everything that Adams says as true, Miss.Code Ann. § 47-5-139(1)(e) would still serve to exclude him from eligibility for earned allowance, as he is currently serving mandatory sentences for armed robbery. Therefore, under this argument, he has not stated a claim for which relief may be granted; that is, his petition does not state any kind of redressable due process/ex post facto injury, because the State did not, in fact, take anything from him.
¶ 12. Regarding Adams's second argument, the State has correctly argued that any claims of equal protection violations in the points classification system are not procedurally before this Court. The State's argument here is correct because the record shows that Adams never asserted the equal protection/racial discrimination claims through the Administrative Remedy Program, and Miss.Code Ann. § 47-5-803(2) (Rev.2004) states plainly that a prisoner must exhaust his administrative remedies before he can file suit in court. There is no indication in the record that Adams went through the Administrative Remedy Program before filing suit on his alleged equal protection/racial discrimination claim. Therefore, under Miss.Code Ann. § 47-5-803(2), he could not have raised that issue for the first time before the trial court, and he can not raise that issue before this Court for the first time on appeal. Hurns v. Mississippi Dept. of Corrections, 878 So.2d 223, 226(¶ 9) (Miss.Ct.App.2004).
¶ 13. Therefore, we find that the circuit court did not err in dismissing Adams's petition for failure to state a claim for which relief may be granted.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, AND ISHEE, JJ., CONCUR.