915 So.2d 508 (2005)
James GUY a/k/a James Earl Guy, Appellant
v.
STATE of Mississippi, Alicia Box, Connie Pierce and Ernestine Goins, Appellee.
No. 2004-CP-01979-COA.
Court of Appeals of Mississippi.
November 22, 2005.
*509 James Guy, Appellant, pro se.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. James Guy filed a complaint in the Greene County Circuit Court, arguing that the Mississippi Department of Corrections (MDOC) incorrectly calculated his earned time allowance on his thirty-seven year sentence. MDOC claims that the state courts do not have jurisdiction to hear the matter because Guy has failed to exhaust his administrative remedies. The Greene County Circuit Court dismissed the matter, finding that the petition should have been filed in the county of the conviction. Guy appeals, raising the following issues:

I. WHETHER THE CIRCUIT COURT ERRED IN DISMISSING THE COMPLAINT FOR LACK OF JURISDICTION

II. WHETHER GUY'S EARNED TIME ALLOWANCE WAS CORRECTLY CALCULATED
¶ 2. We reverse and remand.

FACTS
¶ 3. James Guy was sentenced to thirty-seven years incarceration for armed robbery in the Forrest County Circuit Court. Ten years of the sentence was mandatory. On July 2, 2004, Guy filed a complaint in the Greene County Circuit Court, the county of his incarceration, against the State of Mississippi and MDOC employees Alicia Box, Connie Pierce, and Ernestine Goins. He argued that MDOC improperly *510 calculated his earned time credit on his sentence. Miss.Code Ann. § 47-5-138 (Rev.2004). Guy claims he is entitled to a fifty percent earned time allowance off his entire year sentence, which would amount to eighteen and a half years of earned time. MDOC has given Guy an earned time allowance of thirteen and a half years, which was reached by giving him a fifty percent earned time allowance on the non-mandatory portion of his sentence.
¶ 4. MDOC filed its answer, asserting that Guy's earned time allowance had been accurately calculated. It further stated as an affirmative defense that Guy had failed to prove that he had exhausted his administrative remedies within MDOC. Guy submitted a rebuttal brief claiming that he did exhaust his remedies, but that he could not prove this fact "due to numerous shakedowns by the SMCI staff and Petitioner's copy have [sic] been destroyed." The Greene County Circuit Court dismissed the complaint without prejudice, finding that it did not have jurisdiction to decide the matter because the conviction was in Forrest County.

ANALYSIS
¶ 5. Guy complains that MDOC incorrectly calculated his earned time allowance. The circuit court judge treated the matter as a request for post-conviction relief and held that the matter should have been brought in Forrest County Circuit Court, the county of conviction. This matter is not in the nature of post-conviction relief. Post-conviction matters address issues related to the prisoner's conviction that were not addressed at the time of the judgment. Williams v. State, 669 So.2d 44, 52 (Miss.1996). Guy is not contesting the validity of his conviction or the resulting sentence. He is contesting MDOC's computation of time that will allow for his early release from prison.
¶ 6. In his complaint, Guy named as defendants Alicia Box, Connie Pierce, and Ernestine Goins. All defendants were sued in their capacity as employees of the South Mississippi Correctional Institute (SMCI), which is located in Greene County. Venue is appropriate in the county in which a defendant resides. Miss.Code Ann. § 11-11-3 (Rev.2004). Therefore, the Circuit Court of Greene County was the appropriate venue for Guy's petition.
¶ 7. The MDOC's administrative review procedures require that a complainant exhaust his administrative remedies before a state court can hear the complaint. Miss.Code Ann. 47-5-803(2) (Rev. 2004). Guy claims that numerous shake-downs within SMCI prevented him from proving that he had sought his remedies within MDOC, but he offers no evidence to support this contention. He made this claim only after MDOC filed its answer to Guy's complaint and asserted lack of jurisdiction due to Guy's failure to exhaust administrative remedies as an affirmative defense. This Court is unable to address the merits of Guy's claims because he has failed to exhaust his administrative remedies.
¶ 8. If a petitioner files a complaint before MDOC's administrative review process has been completed, the complaint is not dismissed. Instead, the court shall stay the proceedings for a period not to exceed ninety days to allow for the completion of such proceedings. Miss.Code Ann. 47-5-803(2) (Rev.2004). Finding that Greene County is the appropriate venue for the petition, and finding that the petition should be stayed for a period of ninety days, we reverse the circuit court's order of dismissal. The proceedings of the Greene County Circuit Court are stayed until Guy files his complaint with MDOC's Administrative Remedies Program (ARP) and the ARP adjudicates the complaint.
*511 ¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GREENE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.