IRVING, J.;
for the Court.
¶ 1. James Guy filed this appeal from the Greene County Circuit Court’s dismissal of his claim against the Mississippi Department of Correction’s (MDOC) calculation of his time to serve. We find that *140 this appeal is moot, since we have already ruled on Guy’s claim in a separate case, Guy v. State, 915 So.2d 508 (Miss.Ct.App.2005).
¶ 2. In that case, the lower court dismissed Guy’s claim because it found that Guy had filed his claim in the wrong county. Id. at 510(¶ 4). Therefore, the court did not rule on the merits of Guy’s claim. We ruled that the trial court had improperly construed Guy’s claim as a motion for post-conviction relief, which it was not. Id. at 510 (¶¶ 5-6). However, based on the record before us at that time, we also found that Guy had failed to exhaust his internal remedies at the MDOC and, therefore, could not request judicial review of his claim.[1] Id. at 510(¶ 7). Consequently, we stayed proceedings in the circuit court for ninety days to give Guy time to exhaust his remedies. Id. at 510(¶ 8).
¶ 3. Presumably, once Guy provides evidence to the court that he has exhausted his remedies, the court will rule on the merits of his claim and he will then be able to appeal that decision to this Court, assuming the circuit court finds his claim to be without merit. Therefore, in order to avoid multiple rulings on Guy’s claim, we dismiss this appeal as moot. When and if Guy receives the decision of the lower court, he may appeal that decision to this Court.
¶ 4. Additionally, we note that, although we do not think that we can procedurally rule on the merits at this point in time, it appears from the record and facts before us that Guy’s claim is without merit. Guy was sentenced on February 6,1996, to thirty-seven years for armed robbery. Guy’s claim is that MDOC has improperly calculated the fifty percent earned time credit on his sentence. Specifically, Guy argues that he is entitled to a fifty percent reduction of his entire sentence, meaning that he should have to serve only eighteen- and-one-half years. MDOC, by contrast, has given Guy thirteen-and-one-half years earned time, a figure MDOC reached by subtracting the ten mandatory years from Guy’s sentence, and then halving the remaining twenty-seven years. Guy contends that this calculation is incorrect, because the mandatory ten years only needs to be served as the first ten of the eighteen-and-one-half years.
¶ 5. Mississippi case and statutory law clearly establishes that earned time only begins to accumulate after an inmate has served the mandatory portion of his sentence. Mississippi Code Annotated section 47 — 5—139(l)(e), as amended, states: “An inmate shall not be eligible for the earned time allowance if ... [t]he inmate has not served the mandatory time required for parole eligibility for a conviction of robbery or attempted robbery with a deadly weapon.” Since Guy was convicted of robbery, his earned time does not begin to accrue until after he has served his mandatory ten years. Additionally, the Mississippi Supreme Court ruled in Williams v. Puckett, 624 So.2d 496, 500 (Miss.1993), decided one year before Guy’s sentencing, that an inmate was not entitled to receive earned time until he had served the mandatory portion of his sentence, in accordance with Mississippi Code Annotated section 47 — 5—139(l)(e). See also Adams v. Epps, 900 So.2d 1210, 1212(¶ 10) (Miss.Ct. App.2005); Boler v. Bailey, 840 So.2d 734, 735 (¶¶ 5-6) (Miss.Ct.App.2003). There *141 fore, MDOC has correctly calculated Guy’s earned time.[2]
¶ 6. Guy also claims that MDOC gave him a sentence computation sheet showing that he should receive eighteen-and-one-half years earned time.[3] However, no relief can flow to Guy as a result of this incorrectly calculated sheet. We note that Guy’s situation is nearly identical to that of the inmate in Doctor v. State, 522 So.2d 229 (Miss.1988), who claimed that an incorrect sentence computation was binding, and required that he either be given the earned time or allowed to stand trial again. Id. at 230. The Mississippi Supreme Court held that the trial court was correct when it found that “at most, Doctor was mistakenly advised of eligibility for good time by officials.... ” Id. In the present case, Guy is not entitled to receive eighteen-and-one-half years earned time, and any calculation that MDOC mistakenly gave Guy does not change that fact. As we recently held, “[a]n MDOC employee’s clerical mistake or oversight does not actually confer eligibility for earned time allowances.” Adams, 900 So.2d at 1212-13(¶ 10). Therefore, the incorrect sentence computation given to Guy does not operate to increase his earned time, which has been properly calculated by MDOC as thirteen-and-one-half years.
¶ 7. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GREENE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.

. Guy was later able to provide evidence that he had properly exhausted his MDOC remedies, a point that the State in the present case concedes. The circuit court in the present action improperly ruled that Guy had failed to seek judicial review within thirty days, a point that the State also concedes.

. Guy attempts to distinguish his case from Williams, by virtue of the fact that he participated in work programs during the first ten years of his sentence,-and on the basis of the sentencing language in Williams. We can find no reason why either of these would operate to distinguish the present case from Williams. Guy was clearly convicted of armed robbery and sentenced to thirty-seven years, with ten years of that time mandatory.

. Guy mentions his computation sheet in the context of Senate Bill 2030. We assume that he is referring to Senate Bill 2030 of the 2001 regular session. That bill, which dealt with mandatory punishments for certain crimes, went into effect only in 2001. Since Guy was sentenced in 1996, the bill does not apply to him. According to the law as it was when Guy received his sentence, MDOC's calculation of his earned time is correct.