GRIFFIS, J.,
for the Court.
¶ 1. Walter Henley’s petition for an order to show cause or, in the alternative, petition for a writ of habeas corpus was denied and dismissed for failure to exhaust administrative remedies. On appeal, Henley argues that the trial court erred in denying his petition for failure to exhaust administrative remedies and that denial of parole violated the ex post facto clause. The State concedes error by the trial court. Therefore, we reverse and remand for further proceedings.
¶ 2. On March 14, 2006, Henley filed his petition in the Circuit Court of Sunflower County, Mississippi. The petition alleged that the Mississippi Department of Corrections (“MDOC”) unlawfully denied Henley a parole eligibility date. In the petition, Henley stated that he had “fully and completely exhausted his administrative remedies in this matter by filing his complaint in the MDOC Administrative Remedy Program in accord with MDOC Policy and Procedures and the laws and statutes of the State of Mississippi.” This was not accurate. Attached to the petition, Henley provided an undated and unsworn “request for administrative remedy.” To this Court, Henley stated that he mailed the request for administrative remedy to the MDOC Administrative Remedy Program, but it was never acknowledged nor returned to him.
*1266 ¶ 3. The trial court found that it lacked jurisdiction over the petition because Henley failed to present sufficient evidence that he had exhausted his administrative remedies. The court then denied and dismissed the petition. It is from this order that Henley appeals.
¶ 4. Henley argues that it was error for the trial court to conclude that his failure to exhaust administrative remedies required the dismissal of his petition. Henley claims that the trial court should have stayed the proceedings for up to ninety days to allow him to complete the exhaustion of his administrative remedies. The State concedes this point. Indeed, by statute, Henley’s petition should have been stayed.
¶ 5. In its order, the trial court concluded that “the Petitioner has failed to present evidence that he has exhausted his administrative remedies!.]” It did not reach the merits of the claim. Mississippi Code Annotated Section 47-5-803(2) (Rev. 2004) states:
No state court shall entertain an offender’s grievance or complaint which falls under the purview of the administrative review procedure unless and until such offender shall have exhausted the remedies as provided in such procedure. If at the time the petition is filed the administrative review process has not yet been completed, the court shall stay the proceedings for a period not to exceed ninety (90) days to allow for completion of the procedure and exhaustion of the remedies thereunder.
(emphasis added). The proper remedy, under these facts, was for the trial court to stay the petition and not dismiss it. Guy v. State, 915 So.2d 508, 510(¶ 8) (Miss.Ct. App.2005).
¶ 6. Henley and the State ask this Court to address the merits of the claim. We once again return to the language of Section 47-5-803(2) which does not allow any state court, trial or appellate, to entertain a complaint from a prisoner until he has exhausted the administrative remedies available. Therefore, we decline to address the remaining merits of Henley’s claim.
¶ 7. Finding that the dismissal was in error, we reverse and remand this case for further proceedings consistent with this opinion. In accordance with Mississippi Code Annotated Section 47-5-803(2), the trial court shall stay the petition for ninety days to allow the MDOC Administrative Remedies Program to consider and rule on Henley’s complaint.
¶ 8. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.