984 So.2d 1089 (2008)
Derek Maurice STOKES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00472-COA.
Court of Appeals of Mississippi.
June 24, 2008.
*1090 Derek Maurice Stokes, Appellant, pro se.
Office Of The Attorney General by Laura Hogan Tedder, attorney for appellee.
Before KING, C.J., GRIFFIS and CARLTON, JJ.
KING, C.J., for the Court.
¶ 1. Derek Maurice Stokes appeals the Lowndes County Circuit Court's dismissal of his motion to reconsider a previous motion for credit for time served. The trial court dismissed the action, finding that venue was improper. Finding no error, we affirm the dismissal.

FACTS AND PROCEDURAL HISTORY
¶ 2. On August 13, 2001, Stokes was indicted for possession of a controlled substance in Lowndes County. Stokes was later arrested for possession of a firearm by a felon and incarcerated in Lauderdale County on November 1, 2001. Stokes was detained in the Lauderdale County Detention Center for approximately 400 days from November 4, 2001, to December 9, 2002. On December 9, 2002, the Lauderdale County Circuit Court sentenced Stokes to three years in the custody of the Mississippi Department of Corrections (MDOC). On December 5, 2003, Stokes pleaded guilty in the Circuit Court of Lowndes County to possession of a controlled substance. He was then sentenced to ten years to run consecutively to the sentence he was already serving in Lauderdale County. Currently, Stokes is being housed in the Marion County Correctional Facility in Columbia, Mississippi.
¶ 3. Stokes received a 400-day credit toward his combined thirteen-year sentence. However, Stokes maintained that he should have received a 400-day credit toward each individual sentence. To address his grievance, Stokes filed a motion for post-conviction relief and a motion for credit for jail time in the Circuit Court of Lowndes County. The trial court informed Stokes that he had to exhaust his administrative remedies before he could seek redress from the court.
¶ 4. Thereafter, Stokes initiated the grievance process through MDOC's Administrative Remedy Program. Stokes received his third-step response on July 22, 2006. The Administrative Remedy Program's staff investigated Stokes's complaint and denied his request for relief because records indicated that 400 days of jail time had already been credited to Stokes's sentence.
¶ 5. After exhausting his administrative remedies, Stokes appealed this decision on September 22, 2006, by filing a motion for credit for time served in the Lowndes County Circuit Court. The trial court reviewed the motion and found that Stokes should have filed his motion in the county in which his incarceration facility was located. Stokes then filed a motion to reconsider on January 5, 2007. The trial court dismissed Stokes's motion to reconsider on February 20, 2007, because Stokes did not present any new evidence that would change the court's previous ruling. Aggrieved, Stokes filed this appeal on March 23, 2007.
¶ 6. On appeal, Stokes argues that the trial court had jurisdiction to grant him credit for the 400 days served and that the trial court erred in failing to reconsider his motion for credit for time served.

ANALYSIS
¶ 7. The trial court dismissed Stokes's motion because that court was not the proper venue for the matter. If this were a motion for post-conviction relief, *1091 jurisdiction would be proper in the circuit court where the conviction was obtained. See Maston v. State, 768 So.2d 354, 355(3-4) (Miss.Ct.App.2000) (citing Miss.Code Ann. § 99-39-7 (Rev.1994)). In that circumstance, Lowndes County would be the proper jurisdiction to entertain the petition for post-conviction relief. This, however, is not a motion for post-conviction relief. Instead, Stokes is appealing the decision of an administrative agency. As a result, jurisdiction is proper in the county where the defendant resides, which in this case would be Stokes's county of incarceration. Guy v. State, 915 So.2d 508, 510(6) (Miss. Ct.App.2005) (citing Miss.Code Ann. § 11-11-3 (Rev.2004)). In Guy, the court held:
All defendants were sued in their capacity as employees of the South Mississippi Correctional Institute (SMCI) which is located in Greene County. Venue is appropriate in the county in which a defendant resides. Miss.Code Ann. § 11-11-3 (Rev.2004). Therefore, the Circuit Court of Greene County was the appropriate venue for Guy's petition.
Id. Therefore, the Circuit Court of Marion County was the appropriate venue for Stokes's motion.
¶ 8. "As to a claim or action that would be more properly heard in a different county of proper venue within this state, the venue shall be transferred to the appropriate county." Miss.Code Ann. § 11-11-3(4)(a) (Rev.2004). In Stokes's case, however, his claim is also procedurally barred. After exhausting all administrative remedies, an inmate has thirty days to seek judicial review of the Mississippi Department of Corrections' decision under its Administrative Remedy Program. Moore v. Miss. Dep't of Corr., 936 So.2d 941, 944(14) (Miss.Ct.App.2005); see also Miss.Code Ann. § 47-5-807 (Rev.2004). Stokes received his third response from the Administrative Remedy Program on July 22, 2006. He did not appeal the decision until two months later on September 22, 2006. "Filing within the statutorily-mandated time is jurisdictional." Stanley v. Turner, 846 So.2d 279, 282(11) (Miss. Ct.App.2003). Therefore, we also find that Stokes's appeal was untimely since it was not filed within thirty days after receipt of the Administrative Remedy Program's final decision.

CONCLUSION
¶ 9. The trial court was correct in not addressing Stokes's motion due to lack of venue. More importantly, Stokes's motion was also time-barred. Therefore, we affirm the trial court's decision.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION TO RECONSIDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.