LEE, C.J.,
for the Court:
¶ 1. While serving a thirty-six-year sentence, Jimmy Culbert was awarded an earned-time allowance. When the Mississippi Department of Corrections (MDOC) removed his earned time of almost eight years, Culbert sought relief through the MDOC administrative process and then filed a complaint in the Jefferson County Circuit Court. The complaint was dismissed with prejudice. Culbert now appeals, arguing: (1) he is entitled to parole; (2) he is entitled to an earned-time allowance; (3) his due-process rights were violated when MDOC removed his earned time; and (4) the trial court erred in failing to make findings under Mississippi Rule of Civil Procedure 52(b).
FACTS AND PROCEDURAL HISTORY
¶ 2. Jimmy Culbert was sentenced to thirty years without parole for sexual battery under Mississippi Code Annotated section 97 — 3—95(1)(c) (Supp.1995) and six years for kidnapping a child under ten years of age, with the sentences to run consecutively. While serving his sentence, Culbert performed several jobs, including working at Mississippi Prison Industries and working as a “trusty,” that credited him with earned time. This earned time accrued, eventually giving him credit for almost eight years, which would reduce his sentence to twenty-eight years and two months. However, MDOC removed the earned time from Culbert’s sentence.
¶ 3. After exhausting the administrative-relief process, Culbert sought injunctive relief in Jefferson County Circuit Court. The trial court denied relief and dismissed the complaint with prejudice. This appeal followed.
STANDARD OF REVIEW
¶ 4. Dismissal of a complaint with prejudice under Mississippi Rule of Civil Procedure 12(b)(6) is reviewed under a de novo standard. Rose v. Tullos, 994 So.2d 734, 737 (¶ 11) (Miss.2008). Under this standard, “[t]he allegations in the complaint must be taken as true, and there must be no set of facts that would allow the plaintiff to prevail.” Id.
DISCUSSION
I. PAROLE
¶ 5. On June 30,1995, a new bill governing the eligibility for parole and earned time went into effect. 1995 Miss. Laws Ch. 596 (S.B.2175). As provided in that bill, Mississippi Code Annotated section 47 — 7—3(l)(g) (Rev.1995) prevented any person convicted after June 30, 1995, from being eligible for parole.[1] Since Culbert *985 committed the crimes on November 16, 1995, and was convicted for them on September 10, 1997, both dates falling after June 30, 1995, he is not entitled to parole for either conviction.
II. EARNED-TIME ALLOWANCE
¶ 6. Mississippi Code Annotated section 47-5-139(l)(d) (Rev.1995) specifically prohibits any person convicted of a sex crime from receiving an earned-time allowance. Culbert asserts that he is entitled to an earned-time allowance under section 47-5-139(2), which reads: “An offender under two (2) or more consecutive sentences shall be allowed commutation based upon the total term of the sentences.” Culbert is not afforded the benefits of this subsection because he is excluded from receiving an earned-time allowance under 47 — 5—139(l)(d).
¶ 7. Culbert argues that if he is not entitled to an earned-time allowance for his sexual-battery sentence, he is entitled to an earned-time allowance for his six-year kidnapping sentence. In 2000, Mississippi Code Annotated section 45-33-23 revised several sections of the code. Under these revisions, section 45 — 33—23(g)(i) defined the kidnapping of a person below the age of eighteen as a sex offense. However, the version of the code applicable when Culbert committed his crimes did not. Under the appropriate version of the code, Culbert’s kidnapping conviction is not defined as a sex offense.
¶ 8. Even so, Culbert’s eight years of earned time should not be applied to his kidnapping sentence. While Culbert serves his sexual-battery sentence, he is barred from receiving an earned-time allowance under section 47 — 5—139(l)(d). See Guy v. Box, 925 So.2d 139, 140-141 (¶ 5) (Miss.Ct.App.2006) (prohibiting an inmate from receiving an earned-time allowance until he served the mandatory portion of his sentence). Only after Culbert completes that sentence will the section 47-5-139(l)(d) bar be lifted, possibly allowing him to earn time under his kidnapping sentence. This issue is without merit.
III. DUE-PROCESS RIGHTS
¶ 9. Culbert’s MDOC time sheets show credit for an earned-time allowance. However, an earned-time allowance should never have been applied. Clearly, MDOC realized this and corrected the clerical error.
¶ 10. We addressed this issue in Adams v. Epps, 900 So.2d 1210 (Miss.Ct.App.2005). In Adams, the basis for Adams’s due-process/ex post facto claims rested on the assumption that he had actually accrued time under an earned-time allowance. Id. at 1212 (¶ 10). That accrued time was, in fact, a legal impossibility, as Adams was ineligible to receive earned time because of the sentence he was serving. Id. Whether the MDOC error was a mistake or an oversight, Adams did not actually accrue the time. Id. at 1212-13 (¶ 10).
¶ 11. Here, Culbert was informed he had accumulated time under an earned-time allowance. This time never actually accrued, because Culbert was ineligible to receive it while serving his sexual-battery sentence. Since the time was never actually earned, nothing was taken from Cul-bert in violation of his due-process rights. Id. at 1213 (¶ 10).
¶ 12. The trial court correctly dismissed Culbert’s complaint. Accepting Culbert’s assertions as true, section 47 — 5—139(1)(d) excludes him from receiving an earned-time allowance. “Therefore, under this argument, he has not stated a claim for which relief may be granted; that is, his petition does not state any kind of redress-able due[-]process/ex post facto injury, be *986 cause the State did not, in fact, take anything from him.” Adams, 900 So.2d at 1213 (¶ 11).
¶ 18. Therefore, we affirm the trial court’s dismissal of Culbert’s complaint.
IV. MISSISSIPPI RULE OF CIVIL PROCEDURE 52(b)
¶ 14. Culbert moved for additional findings by the trial court, which denied the motion. Culbert contends the trial court erred, and he is entitled to additional findings under Mississippi Rule of Civil Procedure 52(b).
¶ 15. Rule 52 is only applicable “[i]n all actions tried upon the facts without a jury....” M.R.C.P. 52(a). Culbert’s complaint was dismissed with prejudice and, therefore, was never tried upon the facts. Rule 52(b) is inapplicable. This issue is without merit.
¶ 16. THE JUDGMENT OF THE JEFFERSON COUNTY CIRCUIT COURT DISMISSING THE COMPLAINT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON COUNTY.
IRVING AND GRIFFIS, P. JJ., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. The current statutory scheme for parole is explained in McGovern v. Mississippi Department of Corrections, 89 So.3d 69, 72 (¶ 8) (Miss.Ct.App.2011).