**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2015-CP-00815-COA**

**NATHAN PAUL KING A/K/A NATHAN KING**            **APPELLANT**
**A/K/A DOOLEY**

**v.**

**RICK MCCARTY AND MARSHALL FISHER**            **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/01/2015 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | GREENE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | NATHAN PAUL KING (PRO SE) |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL BY: ANTHONY LOUIS SCHMIDT JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | DISMISSED APPEAL AS UNTIMELY |
| DISPOSITION: | AFFIRMED – 06/21/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

       **BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

       **IRVING, P.J., FOR THE COURT:**

¶1.     Due to the nature of his convictions, the Mississippi Department of Corrections (MDOC) found that Nathan Paul King should not have been classified as a trusty. Consequently, MDOC revoked nearly all of King's accrued trusty-time credit. More than ten years after MDOC reclassified him, King filed a complaint through MDOC's Administrative Remedy Program (ARP). After MDOC found that his complaint was untimely, King filed a motion for judicial review in the Greene County Circuit Court. The circuit court dismissed it because King did not seek judicial review within thirty days of MDOC's decision. We find that MDOC did not err when it found that King's underlying complaint was untimely. What

is more, King was not eligible to receive earned-time or trusty-time credit because he had been convicted of three sex offenses. Accordingly, we affirm the circuit court's judgment.

**FACTS**

¶2. In 2001, King was convicted of sexual battery, conspiracy to commit sexual battery, and contributing to the delinquency of a minor. *King v. State*, 857 So. 2d 702, 711-12 (¶1) (Miss. 2003). His sentences were set to run consecutively, so he was essentially sentenced to more than eighteen years in MDOC custody. According to MDOC, "King was improperly placed into trusty status" during the intake process. As a result, he began accruing trusty-time credit.

¶3. During January 2003, MDOC discovered its error and removed King's trusty status. It also revoked nearly all of King's trusty-time credit.[1] On September 2, 2014, King filed an ARP complaint. But on September 30, 2014, MDOC found that King's complaint was untimely.[2] King filed a motion for judicial review in the circuit court on December 23, 2014.[3] MDOC moved to dismiss it. The circuit court granted MDOC's motion because King

---

[1] There is no explanation in the record regarding why MDOC revoked all but twenty-seven days of King's earned-time credit.

[2] King did not fulfill the next two ARP steps. But in its motion to dismiss, MDOC stated that "King exhausted [his claim] September 30, [2014,] when he was notified his ARP was rejected as untimely filed." In other words, MDOC did not claim that King had failed to exhaust his administrative remedies.

[3] King named Marshall Fisher and Rick McCarty as parties. Fisher is the MDOC commissioner. McCarty is the deputy commissioner of administration and finance. For simplicity, we refer to them collectively as MDOC.

failed to seek judicial review within thirty days of MDOC's decision. King appeals.

## STANDARD OF REVIEW

¶4. "In an administrative agency appeal, the standard of review applied by this Court is identical to that of the circuit court." *Siggers v. Epps*, 962 So. 2d 78, 80 (¶4) (Miss. Ct. App. 2007). We "cannot disturb [MDOC's] decision . . . unless [it] . . . was unsupported by substantial evidence, was arbitrary or capricious, was beyond the agency's scope or powers[,] or violated the constitutional or statutory rights of the aggrieved party." *Id*. "Whether the circuit court has jurisdiction over a matter is a question of law and is reviewed de novo." *Id*.

## DISCUSSION

¶5. MDOC dismissed King's ARP complaint on September 30, 2014. However, King claims that he did not receive notice of MDOC's decision at that time. The record contains a letter from King dated November 17, 2014. Within that letter, King asked an MDOC official about the status of his ARP complaint. According to King, he received notice of MDOC's decision some unspecified time between the date of his letter and December 16, 2014 – the date that he sought judicial review in the circuit court. Although that does not rule out the possibility that he proceeded untimely, King reasons that the circuit court erred when it granted MDOC's motion to dismiss.

¶6. The record is silent as to when King received notice of MDOC's decision. "Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure . . . may, within thirty (30) days *after receipt* of the agency's final decision,

3

seek judicial review of the decision." Miss. Code Ann. § 47-5-807 (Rev. 2015) (emphasis added). MDOC argues that King's claim fails because, other than his bare assertion, he "provided no proof . . . that he received [MDOC's] decision" after September 30, 2014. Citing *Henderson v. State*, 783 So. 2d 769, 771 (¶4) (Miss. Ct. App. 2000), MDOC further argues that King's claim fails because it relies on assertions in his brief, rather than facts in the record. But MDOC bore the burden of proving its affirmative defense that King's appeal was untimely. *See Horton v. Epps*, 20 So. 3d 24, 30 (¶15) (Miss. Ct. App. 2009). By extension, MDOC bore the burden of proving the date that King received notice of its decision. MDOC failed to do so.

¶7.     But that is not the end of the analysis. King's trusty-time credit was revoked during 2003. Per MDOC's grievance procedures, King had thirty days to claim that his trusty-time credit should not have been revoked. It is undisputed that MDOC removed King's trusty classification in January 2003. Later in his brief, King frames his argument slightly differently by stating that he "discovered that a final decision had been made that he would not be placed back into trusty status[,] and that the credits he had previously earned . . . would not be recalculated into his prison sentence." Thus, King's argument can reasonably be interpreted two different ways: (1) in August 2014, he first discovered that his trusty-time credit had been revoked, or (2) in August 2014, he first discovered that his trusty-time credit would not be recalculated – which implies that he had been aware that MDOC revoked his trusty-time credit.

4

¶8.     Notwithstanding the nuances of King's claim, MDOC has provided King's offender log, which shows that he received copies of his time sheet at least thirteen times between December 2004 and July 2014. The offender log further shows that MDOC officials met with King in May 2009 and September 2010 and explained why he was not eligible to receive time credit. To the extent that MDOC was obligated to show that King's underlying claim was untimely because he had notice that his trusty-time credit had been revoked, MDOC satisfied that burden by demonstrating that King had received numerous copies of his time sheet.

¶9.     What is more, King was convicted of sexual battery, conspiracy to commit sexual battery, and contributing to the delinquency of a minor. Sexual battery is clearly a sex offense. Miss. Code Ann. § 45-33-23(h)(iv) (Rev. 2015). Conspiracy to commit sexual battery is also a sex offense. Miss. Code Ann. § 45-33-23(h)(xxiii) (Rev. 2015). And King's conviction for contributing to the delinquency of a minor is considered a sex offense because "the victim was sexually abused." Miss. Code Ann. § 45-33-23(h)(xviii) (Rev. 2015). "An inmate shall not be eligible for the earned[-]time allowance if . . . [he] was convicted of a sex crime[.]" Miss. Code Ann. § 47-5-139(1)(d) (Rev. 2015). Consequently, King was ineligible to receive earned-time credit. He was also ineligible to receive "trusty-time allowance." Miss. Code Ann. § 47-5-138.1(2)(c) (Rev. 2015).

¶10.    This Court addressed similar circumstances in *Culbert v. Epps*, 120 So. 3d 983, 985-86 (¶¶9-13) (Miss. Ct. App 2012). In *Culbert*, a prisoner had mistakenly been informed that

5

he had accumulated earned-time credit. *Id*. at 985 (¶11). Because he had never been eligible to accumulate earned-time credit, "nothing was taken from [him] in violation of his due-process rights" when MDOC revoked that credit. *Id*. Consequently, this Court upheld the dismissal of the prisoner's claim because he failed to "state any kind of redressable due-process/ex post facto injury because the State did not . . . take anything from him." *Id*. at 985-86 (¶12). The same reasoning applies to King's claim. Accordingly, the circuit court reached the right result when it dismissed King's motion for judicial review. We affirm the circuit court's judgment.

¶11. **THE JUDGMENT OF THE GREENE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**