# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00167-COA

ALLEN GOUL A/K/A ALLEN ROBERT GOUL          APPELLANT

v.

MISSISSIPPI DEPARTMENT OF                    APPELLEE
CORRECTIONS

| | |
|---|---|
| DATE OF JUDGMENT: | 03/04/2016 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| COURT FROM WHICH APPEALED: | GREENE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ALLEN GOUL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ANTHONY LOUIS SCHMIDT JR. |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | AFFIRMED DECISION OF MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED - 02/07/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., BARNES AND FAIR, JJ.

### LEE, C.J., FOR THE COURT:

¶1.    Allen Goul is an inmate in the custody of the Mississippi Department of Corrections (MDOC). In this appeal, we must determine whether the trial court properly affirmed the MDOC's decision that Goul possessed contraband in violation of prison rules. Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.    Goul was convicted of murder in 1993 and sentenced to life. On March 26, 2015, Goul was found with "spice," a synthetic cannabinoid, in Area II at South Mississippi

Correctional Institution (SMCI). According to the rule-violation report (RVR), Goul admitted to possessing the contraband in violation of the rules. Goul signed the RVR and indicated that he did not waive the right to a hearing but marked that he did not want to call witnesses. After a hearing, the hearing officer determined that Goul had violated the MDOC's rules against possessing contraband.

¶3. Goul appealed through the Administrative Remedy Program (ARP). The MDOC issued a first-step-response form on April 26, 2015, denying Goul's appeal. On June 11, 2015, Goul filed a petition for judicial review in the Greene County Circuit Court. The trial court affirmed the MDOC's decision.

¶4. Goul now appeals, asserting several issues that we have condensed as follows: (1) his right to confront witnesses was violated and (2) the evidence was insufficient.

## STANDARD OF REVIEW

¶5. "We will not disturb the decision of an administrative agency, such as the MDOC, unless the decision is 'unsupported by substantial evidence, arbitrary or capricious, beyond the agency's scope or powers, or violative of the constitutional or statutory rights of the aggrieved party.'" *Taylor v. Petrie*, 41 So. 3d 724, 727 (¶8) (Miss. Ct. App. 2010) (quoting *Edwards v. Booker*, 796 So. 2d 991, 994 (¶10) (Miss. 2001)).

## DISCUSSION

¶6. We first note the State argues that Goul failed to exhaust his administrative remedies and that his appeal is out of time. The record indicates Goul only completed the first step of the ARP. However, the bottom of the first-step-response letter states, "The above named

2

inmate has fulfilled the requirements of the [ARP] for an RVR appeal and is eligible to seek judicial review within [thirty] days of receipt of the First Step Response." Goul clearly had the option to appeal to the circuit court rather than complete the remaining steps of the ARP.

¶7. In regard to the timeliness of Goul's appeal, the hearing officer signed and dated the first-step-response letter on April 26, 2015. But the letter does not contain Goul's signature or the date he received the letter. In his petition for judicial review, filed June 11, 2015, Goul stated he received the letter on May 22, 2015, thereby making his appeal timely. *See* Miss. Code Ann. § 47-5-807 (Rev. 2015) ("Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure . . . may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision."). The State did not contradict Goul's claim that he received the letter on May 22, 2015; thus, we find his appeal was timely filed. *See King v. McCarty*, 196 So. 3d 175, 177 (¶6) (Miss. Ct. App. 2016) (The MDOC bears the burden of proving an appeal was untimely filed.).

## I. Right to Confront Witnesses

¶8. Goul argues his right to confront witnesses was violated because his accuser was not named in the RVR. However, the reporting employee's signature is on the RVR. And the form indicates the reporting employee was a Corrections Investigation Division investigator. Goul also chose not to call witnesses at the RVR hearing. This issue is without merit.

## II. Insufficient Evidence

¶9. Goul claims the evidence was insufficient to support the violation, and the trial court erred in upholding the MDOC's decision. However, the RVR indicates that Goul initially

3

admitted to possessing the contraband. The RVR does indicate that Goul later denied possessing the contraband. "There is a rebuttable presumption which favors the agency's decision[,] and the challenging party has the burden of proving the contrary." *Ross v. Epps*, 922 So. 2d 847, 849 (¶4) (Miss. Ct. App. 2006). We find that Goul has failed to prove that the MDOC's decision was not supported by substantial evidence, was arbitrary or capricious, was beyond the agency's scope or powers, or violated his constitutional or statutory rights.

¶10. The trial court stated, "Nothing has been presented by [Goul] that would lead this Court to disturb the decision rendered by the ARP." Finding sufficient evidence supported the MDOC's decision, we can find no error by the trial court in affirming the MDOC's decision.

¶11. **THE JUDGMENT OF THE GREENE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**